IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICO LAMAR BALLARD,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:21-cv-139-MTT-CHW |
| **Officer JESSICA HOLLAND,** *et al.*, | : | |
| Defendants. | : | Proceedings Under 42 U.S.C. §1983<br>Before the U.S. Magistrate Judge |

## ORDER

Before the Court is a motion to set aside default filed by Defendants Ellis, Ball and Hargrove. (Doc. 32). For the following reasons, this motion is **GRANTED**, and Plaintiff's pending motion for default judgment (Doc. 36) is correspondingly **DENIED**.

On Plaintiff's behalf, the Court sent requests for waiver of service to the above-named Defendants on June 3, 2021. (Doc. 9). Those requests were initially returned unexecuted, (Doc. 19), and the Court then made preparations to personally serve the Defendants. (Doc. 20). On August 18, however, the Defendants returned partially executed waiver-of-service forms. (Docs. 25-27). Those forms failed to list a start date for the 60-day answer period set by Fed. R. Civ. P. (d)(3), and the default start date is the date that "the request [for waiver of service] was sent," meaning June 3, 2021. Based upon the information available to the Court, therefore, the Clerk of Court was correct to note an entry of default against Defendants Ellis, Ball and Hargrove.[1] Nevertheless, those Defendants have now answered, and it is clear that the Defendants executed

---

[1] A prior order extending the answer period for Defendants Holland, Logan and Roland did not extend the answer period for Defendants Ellis, Ball and Hargrove. (Doc. 18).

1

waivers of service in an attempt to avoid further delays and expenses associated with personal service. Moreover, the Defendants have now filed an answer. (Doc. 31).

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendants Ellis, Ball and Hargrove, these Defendants have raised grounds in their answer for a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Accordingly, the Defendants' motion to set aside the entry of default is granted, and Plaintiff's motion for a default judgment is denied.

**SO ORDERED**, this 24th day of September, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge