**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **RICO LAMAR BALLARD,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:21-cv-139 (MTT)** |
| | ) | |
| **Officer JESSICA HOLLAND, _et al.,_** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## <u>ORDER</u>

Plaintiff Rico Lamar Ballard has moved for leave to appeal the denial of his motion to compel in forma pauperis.  Doc. 63.  Magistrate Judge Charles H. Weigle denied Ballard's motion for failure to provide certification of his efforts to confer with opposing counsel in good faith before seeking judicial action, as required by Rule 37(a).  Fed. R. Civ. P. 37(a).  Doc. 57.  For the following reasons, Ballard's motion is **DENIED**.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.
>
> (2) . . . If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Ballard's motion to appeal in forma pauperis demonstrates that he is unable to pay the $505 filing fee. Doc. 63.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Here, Ballard does not have a right to appeal, as the denial of his motion to compel was not a final decision subject to appeal.  *See* 28 U.S.C. §§ 1291; 1292; *CSX Transp., Inc. v. Kissimmee Utility Authority*, 153 F.3d 1283, 1285 (11th Cir. 1998).  Moreover, the claims Ballard raises are without merit.[1]   Contrary to Ballard's assertion that "the Defendants' attorney is intentionally refusing to produce the documents [and] materials requested and intentionally refusing to provide answers to the interrogatories," the record shows that the defendants have complied with Ballard's discovery requests.  Doc. 58 at 2.  The defendants responded to Ballard's interrogatories, request for production of documents, and requests for admission on October 19, 2021; November 4, 2021; and December 14, 2021.  Doc. 56 at 1-2.  Additionally, during Ballard's video deposition on October 19, 2021, he acknowledged receiving the defendants' responses to discovery.  *Id.* at 1.  Despite Ballard's claims, the defendants have complied with discovery in good faith, notwithstanding Ballard's own failure to comport with Rule 37(a)'s good faith requirements.  Fed. R. Civ. P. 37(a).  Accordingly, Ballard's appeal is frivolous, and he has not satisfied the requirements to appeal in forma pauperis.  Ballard's motion for leave to appeal in forma pauperis (Doc. 63) is **DENIED**.

If Ballard wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.  Because Ballard has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to § 1915(b), the prison account custodian where Ballard is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Ballard's account (to the extent the account

---

[1] Accordingly, even if the Court were to construe Ballard's appeal as a motion for reconsideration or an objection to the Magistrate Judge's order, the result would be the same.

balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks

should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is

**DIRECTED** to send a copy of this Order to the custodian of the prison in which Ballard

is incarcerated.


       **SO ORDERED**, this 17th day of February, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
