IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RICO LAMAR BALLARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-139 (MTT) |
| | ) |
| Officer **JESSICA HOLLAND**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is Plaintiff Rico Lamar Ballard's motion for reconsideration of his motion for a temporary restraining order ("TRO"). Docs. 69; 35. For the following reasons, the motion is **DENIED**.

As the Court explained to Ballard in its denial of another motion for reconsideration in a separate case, "[m]otions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6; *Ballard v. Morales, et al.,* No. 5:21-cv-138 (MTT), Doc. 41. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It is appropriate "only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997) (enumeration added). "In order to demonstrate clear error, the party moving for reconsideration must do more

than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *Id.* at 1223.  Here, Ballard has raised no change in the law or newly discovered evidence.  Ballard does argue that the Court's analysis was incorrect, but that argument is mistaken.

Ballard argues that the Court "failed to properly analyze and consider the Plaintiff(s) [sic] objections" and claims the Court denied the "requested preliminary injunction . . . because his lawsuit and requested injunction involved completely different matters." Doc. 69 at 1-2.  But even if Ballard was right in the assertion that his request for a TRO stemmed from the same matter as his underlying suit, that would not justify the grant of a TRO in this case. In its Order, the Court explained:

> Plaintiff has failed to set forth any relevant basis for granting a preliminary injunction.  The four factors relevant to a preliminary injunctive relief analysis are: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Four Seasons Hotels and Resorts, B.V., v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).  The "movant must clearly carry the burden of persuasion" as to each of these factors.  *Id.*   Plaintiff's motion fails to set forth any information or analysis regarding these factors.

Doc. 67 at 1.  The Court determined that Ballard has not met the criteria for a TRO, and he raises no arguments in his motion for reconsideration that show that determination was a clear error of law.  Ballard has not met the standard for reconsideration.

Accordingly, Ballard's motion for reconsideration is **DENIED.**

**SO ORDERED**, this 17th day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
