IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICO LAMAR BALLARD, | : |
| Plaintiff, | : |
| v. | : Case No. 5:21-cv-00139-MTT-CHW |
| Officer JESSICA HOLLAND, *et al.*, | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

Before the Court is a motion for summary judgment filed by the Defendants. (Doc. 75). Because Plaintiff has failed to make out a due process claim, it is **RECOMMENDED** that the Defendants' motion be **GRANTED**. It is further **ORDERED**, for reasons explained below, that Plaintiff's motion to produce (Doc. 73) is **DENIED**.

### BACKGROUND

On December 5, 2019, while housed as a prisoner at the Georgia Diagnostic and Classification Prison or "GDCP," Plaintiff Rico Ballard was the victim of another prisoner's stabbing attack. (Pl.'s Dep., Doc. 75-2, p. 6). After receiving medical care, Plaintiff was transferred to Tier III, also known as the special management unit or "SMU," on the GDCP campus. (Pl.'s Dep., Doc. 75-2, p. 17–18). Plaintiff describes the SMU as "high-max," where prisoners are "locked down for assault … and murders and stuff like that." (Pl.'s Dep., Doc. 75-2, p. 3).

On December 17, 2019, Plaintiff was served with a disciplinary report that accused him of violating prison rules by fighting. Thereafter, Plaintiff participated in a disciplinary hearing on January 10, 2020, at which Plaintiff was found guilty and was punished by being retained within the SMU until "around January of … 2021." (Pl.'s Dep, Doc. 75-2, p. 3). Within the SMU, Plaintiff

1

had access to a television, a phone, and four hours of out-of-cell exercise time daily. (Pl.'s Dep., Doc. 75-2, p. 6). Initially, based upon his disciplinary hearing results, Plaintiff was also punished by the imposition of a thirty-day restriction on his visitation, phone, and prison store privileges. (Compl., Doc. 1, pp. 8–9).

In this Section 1983 action, Plaintiff argues that the disciplinary process he received violated the Fourteenth Amendment's due process clause. Largely, Plaintiff's arguments are based on the Defendants' alleged failure to follow Georgia correctional policy. The requirements of constitutional due process, however, are "flexible and call for such procedural protections as the particular situation demands." *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).

As discussed below, Plaintiff has failed to show an atypical and significant hardship, and the record additionally demonstrates that Plaintiff received sufficient procedural protections to satisfy the Fourteenth Amendment's due process clause. For those reasons, and because the Defendants are alternatively entitled to qualified immunity, Defendants are entitled to summary judgment.

### PLAINTIFF'S MOTION TO PRODUCE

In a pending "motion to produce documents" (Doc. 73), Plaintiff asks for the production of a wide variety of evidence under Rule 34 of the Federal Rules of Civil Procedure. Plaintiff's evidentiary requests relate to four different civil actions that Plaintiff has commenced in this Court. Relevant to his claims in this action, Plaintiff requests "security camera surveillance video on November 1, 2019[,] through December 5, 2019[,]" which would encompass the day that Plaintiff alleges he was assaulted by a fellow inmate. (Doc. 73, p. 1). Such video evidence, if available, might support Plaintiff's contention that he did not engage in fighting and therefore did not infract any prison rules warranting a disciplinary transfer.

Plaintiff's motion to produce is denied for three reasons. First, and most importantly, counsel for the Defendants informs the Court that he "made a good faith effort to confirm whether or not any relevant video evidence exists and confirmed that it does not." (Doc. 79, pp. 3–4). The Defendants cannot produce, and the Court cannot compel the Defendants to produce, evidence that does not exist. Second, and pursuant to the Court's scheduling order (Doc. 7, p. 14), the discovery period expired on November 25, 2021, and Plaintiff's present motion, not filed until March 2022, is months out of time. Third, even if the Court were to construe Plaintiff's motion as seeking compulsive discovery relief, Plaintiff has again failed to certify that he attempted, in good faith, to confer with counsel for the Defendants to resolve the discovery dispute without Court action. *See* Fed. R. Civ. P. 37(a)(1). *See also* (Doc. 57) (explaining this requirement).

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of informing the Court of the basis for its motion, and of citing "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that support summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In resolving motions for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014).

## ANALYSIS

As discussed below, Plaintiff has failed to advance sufficient factual detail to show that he was subjected to an "atypical and significant hardship" giving rise to a protected liberty interest. Moreover, even if such a liberty interest arose, the record shows, as a matter of law, that Plaintiff

received sufficient procedural protections. Finally, the Defendants are entitled to qualified immunity.

**(a)** **<u>Atypical and Significant Hardship</u>**

The Fourteenth Amendment's due process clause protects "liberty," and that protection may extend to a "state-created liberty interest in avoiding restrictive conditions of confinement" that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005) (quoting *Sandin v. Connor*, 515 U.S. 472, 483–84 (1995)). Such a liberty interest arises from the nature of prison conditions, "not the language of regulations regarding those conditions." *Wilkinson*, 545 U.S. at 223.

Plaintiff has failed to make out a state-created liberty interest because Plaintiff has not adequately described the restrictive quarters to which he was transferred or shown how those quarters differed from the general circumstances of an ordinary GDCP prisoner. *See Delgiudice v. Primus*, 679 F. App'x 944, 948 (11th Cir. 2017). Eleventh Circuit precedent indicates that a "disciplinary sanction of one year in solitary confinement may trigger procedural due process protections." *Delgiudice*, 679 F. App'x at 947. While the record indicates that Plaintiff's confinement in Tier III quarters or the SMU roughly corresponds to this one-year time period, the record does not clearly indicate that Plaintiff's confinement was solitary. For example, Plaintiff's deposition testimony indicates that, at the time relevant to this action, Tier III inmates would "come out [of] the cell for 4 hours a day" for exercise in "the yard or … at the rec table." (Pl.'s Dep., Doc. 75-2, p. 6). Plaintiff does not state that he was isolated during this out-of-cell time, and the amount of exercise time that Plaintiff received is comparatively generous. *Cf. Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) ("exercise is for 1 hour per day"). The record further indicates that following a thirty-day punitive period, Plaintiff had the ability to interact with others through some degree of

restored phone, visitation, and store privileges. Given Plaintiff's failure to describe the circumstances of his Tier III confinement in any detail, or to explain how those circumstances differed from the conditions of other prisoners, Plaintiff has failed to show an atypical and significant hardship.

The language of the Georgia correctional policy, by itself, is insufficient to establish a protected liberty interest. Plaintiff's filings have focused on disciplinary rules such as the alleged requirement that disciplinary reports be served within "a 24 hour time span" after any rule infraction, (Doc. 78, p. 6), that prosecution of any disciplinary report must occur within 30 days (Doc. 1, p. 11; Doc. 78, p. 4), and that the prosecution must also occur "within 7 days after the disciplinary investigation." (Doc. 78, p. 9). Based on the Supreme Court's decision in *Sandin v. Connor*, 515 U.S. 472 (1995), federal courts no longer "pars[e] the language of particular [prison] regulations" to find protected liberty interests. Accordingly, and because Plaintiff has not sufficiently described his own conditions of confinement or the conditions of other prisoners, Plaintiff has not provided evidence to establish the atypical and significant hardship prong of the due process inquiry.

**(b)** <u>**Procedural Protection**</u>

Even if Plaintiff had presented evidence to demonstrate an atypical and significant hardship, Plaintiff has failed to show that he received insufficient procedural protections. Specifically, the record shows that Plaintiff received the two types of protections that are "central [to the] meaning of procedural due process," namely, notice of the disciplinary charges against him and an opportunity to be heard regarding those charges. *Wilkinson v. Austin*, 545 U.S. 209, 226 (2005).

The record indicates that Plaintiff was served with Disciplinary Report No. 831158 on December 5, 2019, which charged Plaintiff with fighting with another inmate and with refusing to

follow instructions to stop fighting. (Doc. 75-15, p. 1). Plaintiff disputes the date of service, but Plaintiff acknowledges that he received the disciplinary report by at least December 17, 2019, when Defendant Ellis began an investigation into the charges. (Pl.'s Dep., Doc. 75-2, p. 1). *See also* (Doc. 75-16, p. 1). Plaintiff therefore had formal notice of the disciplinary charges against him by at the latest December 17, 2019.

The record then indicates that Plaintiff participated in a disciplinary hearing held on January 10, 2020. (Doc. 75-15, p. 1). Plaintiff had the opportunity to present witnesses but declined to do so. (Pl.'s Dep., Doc. 75-2, p. 13). Plaintiff also had the opportunity to present two defenses. First, Plaintiff raised procedural issues arising from Georgia correctional policy, relating specifically to the time in which the disciplinary report was to be served and the date on which the disciplinary hearing was to be held. Second, Plaintiff argued that he had not sought to fight with another inmate but had merely "acted in self-defense." (Roland Aff., Doc. 75-12, p. 4). The presiding officer, Defendant Roland, rejected Plaintiff's defenses and found Plaintiff guilty of fighting. Thereafter, Plaintiff pursued an appeal, which Warden Jose Morales, who is not a defendant in this particular action, rejected. (Doc. 75-16, p. 1).

In consdiering the process accorded to Plaintiff, this Court must apply a three factor test established by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The pertinent factors are:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Wilkinson v. Austin*, 545 U.S. 209, 224–25 (2005)

All three of the *Mathews v. Eldridge* factors weigh against Plaintiff. First, Plaintiff's status as a prisoner dictates that he has a reduced interest in avoiding confinement. *Wilkinson*, 545 U.S. at 225 ("The private interest at stake here, while more than minimal, must be evaluated, nonetheless, within the context of the prison system and its attendant curtailment of liberties"). Second, Plaintiff's receipt of advanced written notice of the charges against him, along with the two-step process for litigating those charges, served to reduce the risk of error. Finally, as to the Government's interest, great deference is owed given the "inordinate difficult[y]" of prison administration. *Turner v. Safley*, 482 U.S. 78, 85 (1987). Accordingly, because all of the *Mathews v. Eldridge* factors weigh strongly against Plaintiff, no due process violation ensued. Therefore, the Defendants are entitled to judgment as a matter of law.

**(c)** **Qualified Immunity**

Although Plaintiff has failed to make out a claim on the merits, the Defendants are alternatively entitled to summary judgment on grounds of qualified immunity, which protects government actors "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Within the Eleventh Circuit, plaintiffs bear the burden of showing that qualified immunity is not appropriate. *See, e.g.*, *Brooks v. Warden*, 800 F.3d 1295, 1306 (11th Cir. 2015). That showing consists of two steps which may be considered by the Court in either order. First, the plaintiff must make out a violation of a constitutional right. *Pearson*, 555 U.S. at 232. Second, the plaintiff must show that the right was "clearly established" at the time of the asserted misconduct. *Id.* "A right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right[;] (2) a broad

statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right[;] or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291–92 (11th Cir. 2009).

As discussed, Plaintiff has not demonstrated a constitutional violation on the merits because Plaintiff has failed to show both an atypical and significant hardship or that he was denied sufficient procedural protections to satisfy the Fourteenth Amendment's due process clause. Even if Plaintiff had made that showing, the Defendants would nevertheless be entitled to summary judgment because Plaintiff has failed to cite any legal authority giving sufficient notice to the Defendants that their conduct was clearly unlawful. Based on Plaintiff's failure, and because no such legal authority is readily apparent, the Defendants are alternatively entitled to summary judgment on the basis of qualified immunity.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that the Defendants' motion for summary judgment (Doc. 75) be **GRANTED**. It is further **ORDERED** that Plaintiff's motion for production (Doc. 73) is **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Objections are limited to twenty pages in length. Local Rule 7.4 The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 8th day of December, 2022.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge