# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RICO LAMAR BALLARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-139 (MTT) |
| | ) |
| Officer **JESSICA HOLLAND**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the defendants' motion for summary judgment (Doc. 75). Doc. 90. Plaintiff Rico Lamar Ballard objected. Doc. 91. Pursuant to 28 US.C. § 636(b)(1), the Court reviewed de novo the portions of the Recommendation to which Ballard objects.

Ballard claims the defendants violated his Fourteenth Amendment due process rights when they placed him in disciplinary segregation after he was found guilty of assaulting an inmate. Doc. 1 at 11. In his objections, Ballard asserts he has demonstrated an "atypical and significant hardship" because his disciplinary segregation resulted in his confinement to a cell "from 23 hours to 21 hours a day." Doc. 91 at 4-6. But, as the Magistrate Judge noted, Ballard's deposition testimony clarifies that while in disciplinary segregation Ballard was "out of the cell for 4 hours a day" where he could spend time "in the yard" or "at the rec table." Docs. 75-2 at 22:2-4; 90 at 4-5. Because Ballard does not present evidence that confinement in disciplinary segregation constituted an atypical and significant hardship, such as isolation for an indefinite period

of time, he fails to demonstrate a due process claim.  See *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that solitary confinement where inmates human contact was severely limited for an indefinite period of time gave rise to a liberty interest); *Delgiudice v. Primus*, 679 F. App'x 944, 948 (11th Cir. 2017) (holding that segregation for "a long period of time" where the inmate had a roommate was insufficient to give rise to a liberty interest).

Additionally, Ballard argues that the defendants violated his due process rights when they disregarded Georgia correctional policy.  Doc. 91 at 2, 4.  Ballard takes issue with the defendants' failure to serve the disciplinary report and conduct the investigation within the 30-day time requirement.  *Id*.  The Magistrate Judge addressed this argument and concluded that the failure to follow prison correctional policy, without more, is insufficient to establish a protected liberty interest.  Doc. 90 at 5.  The Court agrees.  The Supreme Court's holding in *Sandin v. Connor* confirms that the failure to adhere to the specific language of prison regulations, without evidence of an atypical and significant hardship, is insufficient to establish a due process violation.  515 U.S. 472 (1995).  In sum, Ballard has failed to establish a state-created liberty interest.

But even if Ballard had presented evidence of a protected liberty interest, he has failed to show that he received insufficient procedural protections.  Ballard contends the defendants' violated his due process rights when they "fabricated" the charges that resulted in his disciplinary segregation.  Doc. 91 at 3.  Because Ballard was "defending" himself, he argues that the defendants improperly charged him with fighting and he had no notice of the unlawfulness of his conduct.  *Id*.  But assault on a fellow inmate is clearly a prohibited activity.  Docs. 75-7 at 1; 75-15 at 2.  Furthermore, Ballard was

given advance notice of this charge and was able to raise this defense during his disciplinary hearing. Docs. 75-2 at 4:21-5:1; 75-12 ¶¶ 15-16; 75-15. Thus, Ballard received the two types of protections that procedural due process mandates, notice and the opportunity to be heard, illustrating that no procedural due process violation is present. *Wilkinson v. Austin*, 545 U.S. 209, 226 (2005).

Finally, Ballard contends that the defendants are not entitled to qualified immunity because the defendants violated clearly established law. Doc. 91 at 7. As discussed previously, the defendants did not violate Ballard's due process rights; thus, the defendants would be entitled to qualified immunity.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 90) is **ADOPTED** and made the Order of the Court. Accordingly, the defendants' motion for summary judgment (Doc. 75) is **GRANTED**.

**SO ORDERED**, this 20th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT